UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TANIA VILLANUEVA,                                                                                Docket No.:

                    Plaintiffs,                                                          **COMPLAINT**

   -against-

FULL OF WONDER DAY CARE and DEBORAH
J. RASPO,

                    Defendants.
-------------------------------------------------------------------X

Plaintiff, TANIA VILLANUEVA ("Plaintiff" or "Villanueva"), by and through her attorneys, FAMIGHETTI & WEINICK, PLLC, complaining of Defendants, FULL OF WONDER DAY CARE ("Wonder"), and DEBORAHJ. RASPO ("Raspo"), (collectively "Defendants"), alleges upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this civil action against Defendants for failure to pay minimum wage, failure to pay overtime wages for all hours worked in excess of forty hours per week in violation of the Fair Labor Standards Act ("FSLA"), 29 U.S.C § 201, et. seq., the New York State Labor ("NYLL"), Articles 6 and 19, § 650 *et seq.,* and the supporting New York State Department Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL"), failure to pay spread of hours compensation under the NYLL and 12 N.Y.C.R.R. § 146-1.6, failure to furnish a proper wage notice at the time of hire under the NYLL § 195(1), failure to provide accurate wage statements for each pay period under the NYLL § 195(3), and any other claim(s) that can be inferred from the facts set forth herein.

1

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C § 216(b).

4. Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

5. Villanueva is a resident of the County of Bronx, City and State of New York.

6. At all times relevant, Plaintiff was an "employee" within the meaning of section 3(e) of the FSLA, 29 U.S.C. § 203(e), and New York Labor Law § 190(2).

7. At all times relevant, Defendant Wonder is a childcare/preschool facility, licensed, organized, and existing pursuant to the Laws of the State of New York.

8. At all times relevant, Defendant Wonder was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees, including Plaintiff, handling, using, or otherwise working with

2

Case 1:23-cv-02703-JRC   Document 1   Filed 04/11/23   Page 3 of 14 PageID #: 3

goods or materials that have been moved in or produced for commerce.

9. Defendants' employees, including Plaintiff were engaged in the supervision and monitoring of the safety of the children they supervise; changing diapers; organizing activities and implementing a curriculum that allows the children to learn, preparing and organizing mealtime, snacks, and drinks for the children.

10. Defendants used furniture, chairs, equipment, and other materials, such as books, papers, pencils, art supplies, food, cafeteria equipment, cleaning supplies, and other equipment, and products, many of which originated in states other than New York.

11. Defendant is additionally subject to the FLSA because Wonder is engaged in the operation of a pre-school, and Wonder is an activity of public agencies, i.e., the New York State Office of Children and Family Services (OCFS), Division of Child Care Services, and the New York City Department of Health (DOH), and is licensed to perform preschool services,

12. Wonder's DOH license number is 791773.

13. At all times relevant, Defendant Wonder was and still is an "employer" within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d), and New York Labor Law § 190(3).

14. At all times relevant, Defendant Raspo is and/or was an officer and/or owner of Full of Wonder Day Care, and as such, had authority to make payroll and personnel decisions for

3

Wonder (and did in fact do so), was active in the day-to-day management of Wonder, including for the payment of wages to Plaintiff and other employees, and determining what wages were paid to the Plaintiff and other employees.

15. Accordingly, Raspo is liable for the conduct as alleged herein as an "employer" within the meaning of the FLSA and NYLL.

## FACTS

16. Defendants are engaged in the business of childcare and preschool education for children between the ages of six weeks to twelve years old.

17. Wonder is approved by the DOH to provide such services to up to 16 children.

18. Wonder operates at a storefront location at 1268 Prospect Avenue, Apt. 1, 1st Floor, Brooklyn, New York 11218, whereby it provides services to the "Brooklyn 15" School District.

19. At all relevant times, Wonder employed 3 or less employees, and under the New York Labor Law is considered a NYC-small employee.

20. On March 19, 2018, Raspo hired Villanueva as a child caregiver at Wonder.

21. The day-to-day responsibilities of Villanueva included taking care of the basic

needs of the children in her care, such as dressing and changing, feeding, and supervising play and nap times.

22. Additionally, Plaintiffs helped plan and supervise balanced routines that include learning, physical activity, rest, and playtime.

23. Defendants did not upon Villanueva's hire or at any time, thereafter, provide to her a notice of rate of pay as required by New York State Labor Law § 195.1.

24. From March 19, 2018, through December 31, 2018, Defendants assigned Villanueva to work five days per week, from 8:00a.m. to 6:00p.m., Monday through Friday, with Saturdays and Sundays as her usual days off, for a total of 50 hours per week.

25. Villanueva, in fact, worked such a schedule during that time period.

26. From March 19, 2018, through December 31, 2018, Defendants compensated Villanueva at a flat rate of $400.00 per week for all 50 hours worked, including those hours worked over forty hours in any workweek.

27. From March 19, 2018, through December 31, 2018, Defendants failed to pay Villanueva at the minimum wage required by State and Federal Law and failed to pay Plaintiff overtime at the rate of time and half for all hours worked over 40 in any particular week she worked in 2018.

28. The minimum wage rate for NYC-Small Employers in 2018 was $12.00 per hour and the overtime rate of pay was $18.00 per hour.

29. For example, for the week of June 4, 2018, through June 10, 2018, Villanueva worked Monday through Friday from 8:00a.m. to 6:00p.m. for a total of 50 hours worked.

30. Defendants paid to Plaintiff $400 for all hours worked in 2018, in cash.

31. From January 1, 2019, through December 31, 2019, Villanueva continued to work five days per week, from 8:00a.m. to 6:00p.m., Monday through Friday, for a total of 50 hours per week.

32. Villanueva, in fact, worked such a schedule during that time period.

33. From January 1, 2019, through December 31, 2019, Defendants compensated Villanueva at flat rate of $500.00 per week for all 50 hours worked, including those hours worked over forty hours in any workweek.

34. From January 1, 2019, through December 31, 2019, Defendants failed to pay Villanueva at the minimum wage required by State and Federal Law and failed to pay Plaintiff overtime at the rate of time and half for all hours worked over 40 in any particular week she worked in 2019.

35. The minimum wage rate for NYC-Small Employers in 2019 was $13.50 per hour and the overtime rate of pay was $19.75 per hour.

36. For example, for the week of April 15, 2019, through April 21, 2019, Villanueva worked Monday through Friday from 8:00a.m. to 6:00p.m. for a total of 50 hours worked.

37. Defendants paid to Plaintiff $500 for all hours worked in 2019, in cash.

38. From January 1, 2020, through December 31, 2020, Defendants assigned Villanueva to work five days per week, from 8:30a.m. to 5:30p.m., Monday through Friday, for a total of 45 hours per week.

39. Villanueva, in fact, worked such a schedule during that time period.

40. From January 1, 2020, through December 31, 2020, Defendants compensated Villanueva at flat rate of $540.00 per week for all 45 hours worked, including those hours worked over forty hours in any workweek.

41. From January 1, 2020, through December 31, 2020, Defendants failed to pay Villanueva at the minimum wage required by State and Federal Law and failed to pay Plaintiff overtime at the rate of time and half for all hours worked over 40 in any particular week she worked in 2020.

42. The minimum wage rate for NYC-Small Employers in 2020 was $15.00 per hour and the overtime rate of pay was $22.50 per hour.

43. For example, for the week of September 7, 2020, through September 13, 2020, Villanueva worked Monday through Friday from 8:30a.m. to 5:30p.m. for a total of 45 hours worked.

44. Due to the Covid19 pandemic, from on or about March 20, 2020, through on or about June 30, 2020, Wonder was closed, and Plaintiff did not work during this time period.

45. Defendants paid to Plaintiff $540 for all hours worked in 2020, in cash.

46. From January 1, 2021, through December 31, 2021, Villanueva continued to work five days per week, from 8:30a.m. to 5:30p.m., Monday through Friday, for a total of 45 hours per week.

47. Villanueva, in fact, worked such a schedule during that time period.

48. From January 1, 2021, through December 31, 2021, Defendants compensated Villanueva at flat rate of $540.00 per week for all 45 hours worked, including those hours worked over forty hours in any workweek.

49. From January 1, 2021, through December 31, 2021, Defendants failed to pay

Villanueva at the minimum wage required by State and Federal Law and failed to pay Plaintiff overtime at the rate of time and half for all hours worked over 40 in any particular week she worked in 2020.

50. The minimum wage rate for NYC-Small Employers in 2021 was $15.00 per hour and the overtime rate of pay was $22.50 per hour.

51. For example, for the week of April 5, 2021, through April 11, 2021, Villanueva worked Monday through Friday from 8:30a.m. to 5:30p.m. for a total of 45 hours worked.

52. Defendants paid to Plaintiff $540 for all hours worked in 2021, in cash.

53. From January 1, 2022, through August 31, 2022, Villanueva to work five days per week, from 8:30a.m. to 5:30p.m., Monday through Friday, for a total of 45 hours per week.

54. Villanueva, in fact, worked such a schedule during that time period.

55. From January 1, 2022, through August 31, 2022, Defendants compensated Villanueva at flat rate of $540.00 per week for all 45 hours worked, including those hours worked over forty hours in any workweek.

56. From January 1, 2022, through August 31, 2022, Defendants failed to pay Villanueva at the minimum wage required by State and Federal Law and failed to pay Plaintiff

overtime at the rate of time and half for all hours worked over 40 in any particular week she worked in 2022.

57. The minimum wage rate for NYC-Small Employers in 2022 was $15.00 per hour and the overtime rate of pay was $22.50 per hour.

58. For example, for the week of February 7, 2022, through February 13, 2022, Villanueva worked Monday through Friday from 8:30a.m. to 5:30p.m. for a total of 45 hours worked.

59. Defendants paid Plaintiff $540 for all hours worked from January 1, 2022, through August 31, 2022, in cash.

60. From September 1, 2022, through September 30, 2022, Defendants reduced Plaintiff's total hours worked per day to 7.5 hours, and total hours worked per week to 37.5 hours and paid Plaintiff $600 per week in cash.

61. On October 1, 2022, Defendants terminated Plaintiff's employment, and failed to provide notice of Villanueva's termination to her in writing.

62. Throughout her employment, Defendants paid Villanueva in cash and failed to provide Villanueva with wage statements along with her pay, that depicted her total hours worked and total wages earned, including the correct amount of overtime hours worked, gross wages, net wages and deductions, for each pay period.

63. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Villanueva.

64. Defendants failed to post required notices regarding payment of minimum wages and overtime compensation as required by the FLSA and NYLL.

## FIRST CLAIM
(FLSA – MINIMUM WAGE VIOLATION)

65. Defendants have failed to pay Plaintiff minimum wage for all hours worked, including any hours worked over 40 in a workweek in violation of the FLSA.

66. Defendants' conduct was willful, intentional, and/or not in good as evidenced by, among other things, Defendants' efforts to conceal their illegal practices by failing to provide proper wage notices to employees.

## SECOND CLAIM
(NYLL – MINIMUM WAGE VIOLATION)

67. Defendants have failed to pay Plaintiff minimum wage for all hours worked, including any hours worked over 40 in a workweek in violation of the NYLL.

68. Defendants' conduct was willful, intentional, and/or not in good as evidenced by, among other things, Defendants' efforts to conceal their illegal practices by failing to provide proper wage notices to employees.

## THIRD CLAIM
(FLSA - OVERTIME)

69. Defendants have failed to pay Plaintiff overtime premium for all hours worked in excess of forty hours in a workweek, in violation of the FLSA.

70. Defendants' conduct was willful, intentional, and/or not in good as evidenced by, among other things, Defendants' efforts to conceal their illegal practices by failing to provide proper wage notices to employees.

## FOURTH CLAIM
(NYLL - Overtime)

71. Defendants have failed to pay Plaintiff an overtime premium for all hours worked in excess of forty hours in a workweek, in violation of the NYLL.

72. Defendants' conduct was willful, intentional, and/or not in good as evidenced by, among other things, Defendants' efforts to conceal their illegal practices by failing to provide proper wage notices to employees.

## FIFTH CLAIM
(NYLL – Spread of Hours Violation)

73. Defendants failed to pay Plaintiff one additional hour of pay at the basic minimum wage rate for each day their spread of hours exceeded ten in violation of NYLL § 650 *et. seq.* and 12 NYCRR § 146-1.6.

74. Defendants' failure to pay spread of hours compensation was willful and

intentional.

## SIXTH CAUSE OF ACTION
(NYLL – Wage Theft Prevention Act – Wage notice)

75. Defendants failed to provide Plaintiff with a written notice upon her hire, and/or failed to provide same in their primary language, regarding their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information, as required by NYLL § 195(1).

## SEVENTH CAUSE OF ACTION
(NYLL – Wage Theft Prevention Act – Wage Statements)

76. Defendants failed to provide Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements, depicting their wages earned, including, inter alia, their amount of overtime hours worked, gross wages, net wages and deductions, for each pay period as required by NYLL § 195(3).

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs seek a trial by jury of all issues so triable in this action.

**WHEREFORE,** Plaintiff demands judgment against Defendants, where applicable, for all compensatory, emotional, physical, and punitive damages (where applicable), lost pay, front pay, overtime pay, loss of benefits, reinstatement, injunctive relief, liquidated damages (where applicable), statutory damages, and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled. Plaintiff demands a trial by jury.

Dated: Melville, New York
April 11, 2023

                                      FAMIGHETTI & WEINICK, PLLC
                                      *Attorneys for Plaintiff*
                                    25 Melville Park Road, Suite 235
                                    Melville, N.Y. 11747
                                    (631) 352-0050

                    By:    *Peter J. Famighetti*
                                  Peter J. Famighetti